IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHERYL M. DORADO and
JOHN E. DORADO,

      Plaintiffs,

v.                                                   No. CIV 17-0029 RB/CG

JAMES CAMPOS, ALICE MONK,
and JOHN DOE CAMPOS,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment, filed on December 8, 2017. (Doc. 42.) Jurisdiction arises under 28 U.S.C. § 1332. (*See* Doc. 1 at 2.) Having considered the submissions of counsel and relevant law, the Court will **GRANT** the motion.

**I.    Factual Background**[1]

On December 12, 2013, Plaintiff Cheryl Dorado (Ms. Dorado) was driving in Carlsbad, New Mexico. (Doc. 1-3 ("Compl.") ¶ 1.) Ms. Dorado approached the intersection of Pecos Acres and Westridge and saw a dark-colored Maxima sitting at a stop sign at the intersection. (Docs. 42-C at 23:4–15, 46:5–8; 43-2 at 1.) Ms. Dorado did not have a stop sign, and she continued through the intersection. (Doc. 42-C at 37:11–15.) The driver of the Maxima accelerated and entered the intersection at the same time as Ms. Dorado, hitting her vehicle. (*Id.* at 37:12–15.) The driver then pulled away from the scene of the accident, only stopping when Ms. Dorado pursued him. (*Id.* at 37:15–38:7.) Ms. Dorado spoke to the driver, a man she described as white,[2] skinny, and "[m]aybe

---

[1] In accordance with summary judgment standards, the Court recites all admissible facts in a light most favorable to the Plaintiff. Fed. R. Civ. P. 56; *see also Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). The Court recites only that portion of the factual and procedural history relevant to this motion.
[2] The driver of the Maxima is described as a "younger looking Hispanic male" in the police report. (*See* Doc. 432 at 3.)

in his 20s." (*Id.* at 39:10–23.) The man told her that it was his mother's car. (*Id.* at 38:9–10.) Ms. Dorado told him she was calling the police, and he "freaked out" and started to leave. (*Id.* at 38:23–25.) Ms. Dorado took pictures of his car and license plate before he left the scene. (*Id.* at 39:1–5; Doc. 43-1.) The police arrived and made a report. (*See* Doc. 43-2.) The police officers ran the Colorado license plate shown in Ms. Dorado's picture and traced the plate to Defendant James Campos (Mr. Campos) as owner of the Maxima. (*See id.* at 1.)

On December 12, 2013, Mr. Campos and Defendant Alice Monk (Ms. Monk) lived in Craig, Colorado. (Docs. 42-A ¶ 2; 42-B ¶ 2.) Both Mr. Campos and Ms. Monk submitted affidavits attesting that they were not in Carlsbad, New Mexico on December 12, 2013, nor were either of them involved in the motor vehicle accident at issue here. (*See* Docs. 42-A ¶¶ 3–5; 42-B ¶¶ 3–5.) Mr. Campos adds that he is not in his twenties. (Doc. 42-A ¶ 6.)

Plaintiffs assert in their Complaint that the unidentified driver "was a member of the household of the Defendants and was using the subject automobile for the use, benefit, and enjoyment of the Defendants or the members of the household and the Defendants are thus liable to the Plaintiffs pursuant to the Family Purpose Doctrine." (Compl. ¶ 4.)

## II. Summary Judgment Standard of Review

Summary judgment is appropriate when the Court, viewing the record in the light most favorable to the nonmoving party, determines "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). A fact is "material" if it could influence the determination of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a reasonable trier of fact could return a verdict for either party. *Id*. The moving party bears the initial responsibility of "show[ing] that there is an

absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the moving party meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (quotation marks omitted). The party opposing a motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990) (citing *Celotex*, 477 U.S. at 324). Rule 56(c) provides that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A). The respondent may not simply "rest on mere allegations or denials of [her] pleadings." *Anderson*, 477 U.S. at 259; *see also Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980) ("However, once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried.") (quotation omitted)). Nor can a party "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." *Colony Nat'l Ins. Co. v. Omer*, No. 07-2123-JAR, 2008 WL 2309005, at *1 (D. Kan. June 2, 2008) (citing Fed. R. Civ. P. 56(e); *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th

Cir. 2006)). "In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988) (citations omitted).

## III.     Analysis

### A.     Counsel for both parties have failed to follow Local Rules.

The Court begins by noting that Defendants filed their motion one week after the deadline for pretrial motions had passed. On July 21, 2017, in response to Plaintiffs' unopposed Motion to Extend Scheduling Order Deadlines by 90-Days (Doc. 35), the Court entered an order resetting the pretrial motions deadline to December 1, 2017. (Doc. 36 at 1.) Defendants filed their Motion for Summary Judgment on December 8, 2017, one week after the Court-imposed deadline had expired. (*See* Doc. 42.) Local Rule 16.1 provides that "[m]odification of deadlines in the Court's scheduling orders . . . , whether or not opposed, requires a showing of good cause and Court approval." D.N.M. LR-Civ. 16.1. Moreover, Local Rule 56.1 specifically states that "[m]otions for summary judgment **will not be considered** unless filed within the deadline set in the Joint Status Report to allow sufficient time for the opposing party to file counter-affidavits and responses thereto, and to permit the Court reasonable time to hear arguments, if granted, and to consider the merits." D.N.M. LR-Civ. 56.1(a) (emphasis added). Defendants have neither shown good cause for missing the pretrial motion deadline, nor have they sought Court approval for filing their motion outside of the deadline.

Moreover, while both parties cite authority for the summary judgment standard, neither party cites a single case related to Plaintiffs' actual claim. (*See* Docs. 42–44.) Plaintiffs' Complaint makes clear that they have brought suit pursuant to the "family purpose doctrine," yet neither party

4

offers the Court any authority on point. Local Rule 7.3 provides that "[a] motion, response or reply must cite authority in support of the legal positions advanced." D.N.M. LR-Civ. 7.3(a). Failing to cite authority is an unnecessary drain on this Court's time and resources.[3] The Court encourages counsel to review the Local Rules to avoid future errors.

The Court will now proceed to the merits of Defendants' motion.

**B.     The Court will grant Defendants' Motion for Summary Judgment.**

Defendants argue that they "are entitled to summary judgment because it is undisputed that Mr. Campos and Ms. Monk were not involved in the subject motor vehicle accident on December 12, 2013." (Doc. 42 at 3.) Neither Defendant was in Carlsbad, New Mexico on that date, and neither matches the description of the driver Ms. Dorado gave. (Docs. 42-A ¶¶ 3–6; 42-B ¶¶ 3–7; 42-C at 39:10–23.) Ms. Dorado admits that Defendants have submitted affidavits asserting the above facts, and she has not come forward with any evidence to refute their assertions.

Plaintiffs assert in their Complaint that Defendants should be liable for the accident under the family purpose doctrine. (Compl. ¶ 4.) "As set forth in the elements of UJI 13-1210 NMRA 2000, the family purpose doctrine imposes liability on the head of a household for the negligent operation of a vehicle by a member of the household to whom the head of household has furnished the vehicle." *Hermosillo v. Leadingham*, 13 P.3d 79, 84–85 (N.M. Ct. App. 2000). "[T]he public policy behind this doctrine [reflects] an effort to 'require a responsible person to answer for damages caused by the user of the family car.'" *Id.* (quoting *Madrid v. Shryock*, 745 P.2d 375, 377 (N.M. 1987) (internal citation omitted)). "The goal is to encourage owners to exercise a greater

---

[3] The Court also takes time to note the parties' most recent Stipulated Motion Seeking Relief from Pending Case Management Deadlines, in which the parties "agree that the Court will probably grant summary judgment in favor of Defendants and against Plaintiffs." (Doc. 48 at 1.) If Plaintiffs concede this point, the Court questions how they filed a response opposing the motion in good faith.

5

degree of care when deciding whether to permit a financially irresponsible driver to use the family car." *Id.* (citing *Madrid*, 745 P.2d at 378).

Plaintiffs fail to come forward with the evidence necessary to prevail on a claim brought under this doctrine. First, Plaintiffs have no evidence of who the driver was, whether he was a "financially irresponsible" driver, or whether he was part of Defendants' "'household' for purposes of invoking liability." *See id.* (citing *Madrid*, 745 P.2d at 378; *Ramirez v. Ramirez*, 929 P.2d 982, 984 (N.M. 1996) (internal citations omitted)). Indeed, Plaintiffs did not bother to produce evidence that either Defendant has a child or otherwise loaned the car to anyone on December 12, 2013. Nor has Plaintiff produced evidence to show that Defendants "furnished the vehicle to [the unidentified driver] or otherwise had sufficient control over the vehicle to suggest that [they] made the vehicle available in [their] capacity as the head of the household." *Id.* (citing *Ramirez*, 929 P.2d at 984). For these reasons, Plaintiff has failed to show that a reasonable jury could find either Defendant liable under the family purpose doctrine, and the Court will grant Defendants' motion.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 42) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**